UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORGE GONZALEZ,

Plaintiff,

v.

PHH MORTGAGE CORPORATION,

Defendant.

Case No. 25-cv-01424-JST

**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

Re: ECF No. 25

On April 27, 2026, Plaintiff's counsel Sarah Shapero moved to withdraw as attorney of record. ECF No. 25. On April 30, 2026, the Court ordered Plaintiff Jorge Gonzalez to file a response to Shapero's motion by May 18, 2026. ECF No. 26. The Court warned that, if he did not do so, "the Court is likely to dismiss this case for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* For the reasons set forth below, the Court now grants Shapero's motion to withdraw and dismisses this action without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's orders.

## I. PROCEDURAL HISTORY

On January 17, 2026 Gonzalez filed a complaint against Defendant PHH Mortgage Corporation in Alameda County Superior Court for negligent misrepresentation and unfair competition. ECF No. 1-1. PHH removed the case to this Court on February 11, 2025. ECF No. 1. PHH filed a motion for summary judgment on February 12, 2026. Gonzalez opposed the motion on February 26, 2026, and PHH filed its reply on March 5, 2026. ECF Nos. 21, 23.

On April 27, 2026, Gonzalez's attorney, Sarah Shapero, filed a motion to withdraw as counsel, stating that her office had experienced a breakdown in communication with Gonzalez and

had been unable to get in touch with him "for some time." ECF Nos. 25-1 at 2. She served the motion on Gonzalez by mail. ECF No. 25-3 at 2. On April 29, 2026, the Court ordered Gonzalez to respond to the motion to withdraw by May 18, 2026 and warned him that the Court may dismiss the action for failure to prosecute. ECF No. 26. The Court also ordered Shapero to serve the Court's order on Gonzalez. *Id*. Shapero certified on May 1, 2026 that the motion had been served on Gonzalez's last known address. ECF No. 28. Gonzalez did not file a response to Shapero's motion.

## II.     DISCUSSION

The district court has the discretion to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630–31 (1962). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (citations omitted); *see also* Fed. R. Civ. P. 41(b) (dismissal for failure to prosecute "operates as an adjudication on the merits.").

Courts "must weigh five factors" in determining whether to dismiss a case for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *See Ferdik,* 963 F.2d at 1260–61. Having considered each factor in turn, the Court finds that they weigh favor of dismissal of this case.

First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). That is true here. Gonzalez failed to respond to the Court's order seeking a response on his counsel's motion to withdraw. *See* ECF No. 26. Gonzalez's failure to respond is contrary to the "public's interest in expeditious resolution of litigation." *Yourish* at 990. Accordingly, this factor weighs in favor of dismissal.

United States District Court
Northern District of California

United States District Court
Northern District of California

Second, "[i]t is incumbent upon [courts] to manage [their] docket[s] without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1261). Here, Gonzalez has demonstrated such "routine noncompliance" by failing to respond to the Court's order. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* The present delay has "consumed some of the court's time that could have been devoted to other cases on the docket." *Id.* Accordingly, this factor weighs in favor of dismissal.

Third, in order to prove prejudice, "a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Id.* (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone*, 833 F.2d at 131 (citation omitted). The court in *Malone* found the plaintiff's excuse for her failure to comply with the order to be "groundless," justifying dismissal for failure to prosecute under Rule 41(b). *Id.* Here, Gonzalez has failed to obey a court order to respond to his counsel's motion to withdraw. To state the obvious, the Court cannot "proceed to trial" if one party refuses to participate in the litigation. In a similar case, *Mondala v. Wells Fargo Bank, N.A.*, the court entered dismissal when the plaintiff was "entirely absent" and missed two court-ordered deadlines. 2018 WL 3126392, at *2 (N.D. Cal. June 26, 2018). Accordingly, this factor weighs in favor of dismissal.

Fourth, while "[p]ublic policy favors disposition of cases on the merits," such that "this factor weighs against dismissal," Gonzalez is not precluded from litigating these claims when he is prepared to do so in compliance with the Court's orders. *See Pagtalunan*, 291 F.3d at 643.

Finally, the Court has attempted to avail itself of "less drastic sanctions" that have proven ineffective in advancing the case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). The Court provided Gonzalez with three weeks to file a response to his counsel's motion to withdraw. *See* ECF No. 26. The Court expressly warned Gonzalez that his

United States District Court
Northern District of California

case was at risk of dismissal for failure to prosecute. *Id*.  More than a month has passed since Shapero filed her motion with no response from Gonzalez.  Accordingly, this factor weighs in favor of dismissal.

Because four of the five factors weigh in favor of dismissal, the Court finds that dismissal of Gonzalez's case for failure to prosecute is appropriate.

The Court will also grant the motion to withdraw.  Attorney Sara Shapero states that she has been unable to communicate with Gonzalez for some time and provided appropriate notice to Gonzalez of the motion and the Court's order.  ECF Nos. 25, 28.  Accordingly, the motion to withdraw as counsel is granted.  Shapero shall serve a copy of this order on Gonzalez and file proof of service.  Further, in accordance with Civ. L. R. 11-5(b), Shapero shall continue to accept service of papers in the case, which she shall forward to Gonzalez.

<b>CONCLUSION</b>

For the foregoing reasons, the Court dismisses the case for failure to prosecute under Fed. R. Civ. P. 41(b) and grants Attorney Sara Shapero's motion to withdraw.  Dismissal is without prejudice.  The Clerk of the Court shall enter judgment and close the case**.**

**IT IS SO ORDERED.**

Dated:  May 29, 2026



JON S. TIGAR
United States District Judge

4